# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0379V
(not to be published)

| | |
|---|---|
| SHEILA KEY,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 7, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks; Administrative Time |

*Bradley S. Freedberg*, Bradley S. Freedberg, PC, Denver, CO, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On April 3, 2020, Sheila Key filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine she received on December 5, 2018. Petition at 1. On November 21, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 44.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 28, 2022 (ECF No. 47), requesting a total award of $50,685.28 (representing $50,266.75 in fees and $418.53 in costs). In accordance with General Order No. 9, Petitioner represents that she incurred no out-of-pocket expenses. ECF No. 47-1 at 2. Respondent reacted to the motion on November 29, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 48. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests compensation for attorney Bradley Freedberg at the following rates: $425 per hour for 2019; $460 per hour for 2020; $520 per hour for 2021; and $550 per hour for 2022. ECF No. 65 at 2. Petitioner also requests the following rates for associate attorney Gurney Pearsall, III: $275 per hour for 2019; $300 per hour for time billed in 2020; $325 per hour for time billed in 2021 and $350 per hour for time billed in 2022. *Id.* The requested rates require an adjustment.

1. *Bradley Freedberg*

Mr. Freedberg has previously been awarded the following rates: $410 per hour for time billed in 2020, and $455 per hour for time billed in 2021 - less than what has been requested here. See *Comeau v. Sec'y of Health & Hum. Servs.,* No. 19-198V, 2021 WL 3053038 (Fed. Cl. Spec. Mstr. Jun 15, 2021); *Ward v. Sec'y of Health & Hum. Servs.,* No. 19-1621V, 2021 WL 3408511 (Fed. Cl. Spec. Mstr. Jun. 30, 2021). Although Mr. Freedberg has gained additional experience in the Vaccine Program warranting a rate increase for his time in 2022, Program attorneys do not receive rate increases for years where hourly rates have already been established in prior decisions (and I find no reason to deviate from what has been awarded in these prior cases). This results in a reduction of **$1,227.25**.[3]

Regarding the requested rate for 2022, $550 per hour exceeds what an attorney in his rate range would receive based on the OSM Attorney's Fee Schedule.[4] Indeed - the requested rate exceeds what *any* attorney with more overall experience would receive. See *McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, a rate of **$480 per hour**

---

[3] This amount consists of: ($425 - $390 = $35 x 3.75 hrs = $131.25) + ($460 - $410 = $50 x 11 hrs = $550) + ($520 - $455 = $65 x 8.40 hrs = $546) = $1,227.25.

[4] The Attorneys' Fee Schedule for 2022 is available at http://www.uscfc.uscourts.gov/node/2914.

is more appropriate for Mr. Freedberg's 2022 work. This reduces the amount to be awarded herein by an additional **$1,543.50**.[5]

### 2.  *Gurney Pearsall, III*

Just as with Mr. Freedberg, the requested rates for Mr. Pearsall exceed those previously awarded. Mr. Pearsall has been previously awarded the rates of $250 per hour for 2020, and $275 per hour for 2021. *See Comeau, 2021 WL 3053038; Ward, 2021 WL 3408511*.  I find these rates to be appropriate, and reduce Mr. Pearsall's rates accordingly. Additionally, I find the requested rate for 2022 to be excessive, due to his minimal experience in the Program, and I shall reduce that rate to $300 per hour as more appropriate given Mr. Pearsall's years of experience.[6] Application of these reductions reduces the amount to be awarded in fees by **$4,969.00**.[7]

### B. Paralegal Tasks at Attorney Rates

The applied attorney's rates must also be reduced where work was performed on paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Records show almost 30 hours of billing entries that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents.

Examples of these entries include (but are not limited to):

---

[5] This amount consists of $550 - $480 = $70 x 22.05hrs = $1,543.50.

[6] To date Mr. Pearsall has not been listed as attorney of records in a Program Case. Mr. Pearsall is an associate of Mr. Freedberg and assists him in that capacity.

[7] This amount consists of ($275 - $235 = $40 x 8.1 hrs = $324) + ($300 - $250 = $50 x 29.95 = $1,497.50) + ($325 - $275 = $50 x 18.50 hrs = $925) + ($350 - $300 = $50 x 44.45 hrs = $2,222.50) = $4,969.00.

- November 17, 2019 (0.15 hrs) "Called prospective client, left voicemail, calendared a date on which to call her back if she does not response";

- December 21, 2019 (0.20 hrs) "Received, reviewed and saved client's sighed petitioner's affidavit and HIPPA authorization";

- March 31, 2020 (0.80 hrs) "Reviewed the responses to the records requests, noted wah records continue to be outstanding, resubmitted the records requests for outstanding records";

- April 24, 2020 (0.09 hrs) "Reviewed BF's edited SIRVA memo, edited for grammar and fixed formatting issues to finalize it";

- March 31, 2021 (0.70 hrs) "Drafted and sent a letter to client's orthopedic surgeon to request the information that the court requested, drafted statement of completion";

- May 1, 2021 (0.20 hrs) "Resubmitted letter to client's orthopedic surgeon for lack of response";

- March 24, 2022 (1.60 hrs) "Spoke with PCP about the records request after missing their call. Revised the request, accordingly, filled out their release authorization form, and resubmitted the request"; and

- September 9, 2022 (1.0 hrs) "Proofread this exhibit itemizing the hours and work performed, clarified ambiguities, fixed typos, double-checked the math on what the hours add up to".

ECF No. 47-2 at 1-3, 5, 9 and 11.

    I will apply the following rates to this category of tasks: $163 per hour for time billed in 2020; $172 per hour for time billed in 2021; and $177 per hour for time billed in 2022. These rates are in line with what an experienced paralegal would receive. This reduces the awardable attorney's fees by **$3,562.95**. [8]

---

[8] This amount consists of: ($235 - $156 = $79 x 2.5 hrs = $197.50) + ($410 - $163 = $247 x 0.35 hrs = $86.45) + ($250 - $163 = $87 x 10.80 hrs = $939.60) + ($455 - $172 = $283 x 0.70 hrs = $198.10) + ($275 - $172 = $103 x 3.20 hrs = $329.60) + ($480 - $177 = $303 x 1.25 hrs = $378.75) + ($300 - $177 = $123 x 11.65 hrs = $1,432.95) = $3,562.95

### C. Administrative Time

Additionally, the billing records submitted reveal a number of entries for tasks considered clerical or administrative. In the Vaccine Program, however, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours was billed by paralegals on tasks considered administrative including, taking notes, paying invoices, and reviewing emails.

Examples of these include (but are not limited to):

- June 10, 2021 (1.25 hrs) "Attended conference call, helped answer questions, took notes, debriefed with BF";

- September 17, 2020 (0.15 hrs) "Paid the $18.53 invoice for Krogers records" and

- May 10, 2022 (1.40 hrs) "Answered client questions about a power of attorney for medical care, authorizing her mother to make decisions for her in the event of her inability to communicate her preferences. Helped her draft a medical POA. Clien alsp mentioned subrogation letter. Advised that she forward it."

ECF No. 47-2 at 6, 10 and 14,

Because the Program does not reimburse such administrative tasks, I will further reduce the amount of fees to be awarded by **$916.50**.[9]

## ATTORNEY COSTS

Petitioner requests $418.53 in overall costs. ECF No.47 at 2. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and will therefore award them in full.

---

[9] This amount consists of: ($300 x 2.85 hrs = $855) + ($410 x 0.15 hrs = $61.50) = $916.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$38,466.08** (representing $38,047.55 in fees and $418.53 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.